UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANDARK KASSAB, individually, and as a trustee of the Kassab Family 2014 Trust, and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>v.<br><br>MUFG UNION BANK, N.A.,<br><br>                      Defendant. | Case No.: 3:20-cv-02422-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Withdraw as Counsel, filed by the law firms of Manfred, APC and Carlson Lynch, LLP, and attorneys Manfred P. Muecke, Todd D. Carpenter, and Scott G. Braden, collectively counsel for Plaintiff Joandark Kassab (ECF No. 19).

    "An attorney may not withdraw as counsel except by leave of court and [t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

1

may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

Movants contend that withdrawal should be granted because "good grounds for withdrawal exist under one or more grounds set forth in both the California Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct." (ECF No. 19). Movants state that they are unable to further specify the basis for withdrawal because "revealing the facts upon which this motion is based would involve the disclosure of privileged client confidences." *Id.* Movants contend that "the administration of justice will not be harmed." *Id.* Plaintiff filed an Opposition to the Motion contending that there is no valid basis for withdrawal and that withdrawal would cause prejudice and delay. (ECF No. 22).

Movants have not provided any "reason why withdrawal is sought," under seal or otherwise. As a result, the Court is unable to weigh the relevant factors to determine whether withdrawal is appropriate. *See Farias v. FCM Corp.*, No. 10-cv-260-MJL-CAB, 2010 WL 4806894, at *4 (S.D. Cal. Nov. 18, 2010) (denying a motion to withdraw that was premised on the attorney's mental or physical condition without further elaboration).

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel (ECF No. 19) is denied.

Dated: September 23, 2021

Hon. William Q. Hayes
United States District Court